UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ART AND CREATIVE MATERIALS INSTITUTE, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>CREATIVE PAPERCLAY COMPANY, INC.<br><br>     Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Plaintiff The Art and Creative Materials Institute, Inc. alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for trademark infringement, counterfeiting, passing off, dilution, and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. ("Lanham Act"), and for breach of contract and unfair or deceptive business practices in violation of Massachusetts General Laws Ch. 93A.

2.      Plaintiff The Art and Creative Materials Institute, Inc. ("ACMI") is a corporation organized and existing under the laws of the State of New York, registered as a foreign corporation in Massachusetts with its principal place of business at 99 Derby Street, Suite 200, Hingham, MA 02043.

3.      Defendant Creative Paperclay Company, Inc. is a corporation organized and existing under the laws of California, with its principal place of business at 79 E. Dailey Drive Suite 101, Camarillo, CA 93010.

JURISDICTION AND VENUE

4.      This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the state law claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

5.      Personal jurisdiction exists over Defendant in this judicial district because Defendant entered into a contract with Plaintiff in this district, regularly conducts, transacts and/or solicits business in Massachusetts, and/or otherwise avails itself of the privileges and protections of the laws of the Commonwealth of Massachusetts, and Defendant's unlawful conduct complained of herein has caused and continues to cause injury to Plaintiff within this judicial district such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

6.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant entered into a contract with the Plaintiff in this district, conducts, transacts and/or solicits business in this judicial district and, upon information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred, and are continuing to occur, in this judicial district, and have caused damage to Plaintiff in this judicial district.

## BACKGROUND FACTS

7.      Plaintiff ACMI was established over 75 years ago as an international association of art, craft, and creative material manufacturers that seeks to promote safety in art and creative products through its certification program.

8.      ACMI's certification program certifies that art materials manufactured and sold by subscribers to the program are labeled in accordance with the chronic hazard labeling standard, ASTM D 4236, and the U. S. Labeling of Hazardous Art Materials Act (LHAMA).  In order to meet these requirements, products approved for an ACMI Approved Product ("AP") SEAL are determined to be not toxic as defined under federal law and products approved for an ACMI Cautionary Labeling ("CL") SEAL carry appropriate health warning labels.

9.      Products that carry an ACMI-certified seal indicate they have been evaluated by a a board-certified toxicologist retained by ACMI and that the labels are in accordance with federal laws.

10.     A product receives certification to bear the AP SEAL only if the toxicological evaluation establishes that there are no materials in sufficient quantities to be toxic or injurious to humans, including children, or to cause acute or chronic health problems.

11.     One of ACMI's toxicology teams is located at Duke University's Division of Occupational and Environmental Medicine ("Duke") and has over 30 years of experience evaluating more than 60,000 art material formulations for ACMI members and subscribers.

12.      ACMI's toxicological teams continually review the latest scientific and regulatory information to ensure the program is current.

13.     ACMI also has a Toxicological Advisory Board that is responsible for reviewing current toxicity issues in concert with the criteria established by ACMI's toxicology team so as to advise and make recommendations to ACMI on its certification program and procedures.

## THE ACMI AP SEAL TRADEMARK

14.     ACMI applied for Federal trademark registration of the AP Seal certification mark on December 19, 2006 (the "AP SEAL").  The AP SEAL was subsequently allowed, and placed on the Principal Register on March 11, 2008, Registration Number 3,394,088.  See Exhibit A.

## THE DEFENDANT'S INFRINGEMENT

15.     On or about 1993, Defendant entered into a written Subscription Agreement and thereby became a member of ACMI.  The Subscription Agreement expressly incorporates the terms of the written Manual of Procedure, which together with the Subscription Agreement govern the terms and conditions of becoming and remaining a member of ACMI.

16.     Among these terms and conditions, a member must have all of its products (e.g., crayons, clay, chalk, paints, etc.) initially assessed and approved by ACMI's toxicology team before receiving a license from ACMI to use the AP SEAL or CL SEAL.

17.     After being approved and licensed to use an ACMI seal, each member is responsible for, among other things: (a) paying annual dues to ACMI in an amount based on its annual sales of certified products; (b) completing an affidavit every two (2) years swearing to the continuance of its products and formulas; and (3) submitting its products for re-assessments and approvals by ACMI's toxicology team every five (5) years.

18.     In a recent review of member accounts, ACMI determined that two of the Defendant's products had last been assessed and approved by ACMI's toxicology team in the 1990's, and one of Defendant's products was last assessed and approved in 2006.  ACMI also

determined that the Defendant is currently selling the products with the AP SEAL, despite the fact that the products had been decertified by ACMI on prior occasions.

## CAUSES OF ACTION

### COUNT I
### Direct Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act
### 15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))

19.     Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

20.     Plaintiff is the exclusive owner of all right and title to the AP SEAL trademark and all related Marks.

21.     Plaintiff has continuously used the AP SEAL in interstate commerce since at least as early as the dates of first use reflected in the entry on the principal register of the U.S. Patent and Trademark Office.  See Exhibit A.

22.     Without Plaintiff's authorization or consent, and in violation of the terms of ACMI's certification program, its Subscription Agreement and Manual of Procedure, and with knowledge of Plaintiff's well-known and prior rights in the AP SEAL and that its Products bear the AP SEAL without authorization or consent, Defendant intentionally reproduced, copied, and/or colorably imitated the AP SEAL in connection with the import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of the Products.

23.     Defendant has imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold the Products to the purchasing public affecting interstate commerce and/or have acted with reckless disregard of Plaintiff's rights in and to Plaintiff's Marks, through its participation in such activities.

24.     Defendant has applied reproductions, counterfeits, copies, and colorable imitations of the AP SEAL to packaging, point-of-purchase materials, online listings,

promotions and/or advertisements intended to be used in commerce upon, or in connection with, the importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of the Products, which is likely to deceive consumers, the public and the trade into believing that the Products sold by Defendant have been certified by ACMI, are licensed by an ACMI member company or have otherwise been determined to be not toxic, thereby making substantial profits and gains to which the Defendant are not entitled in law or equity.

25.     Defendant's unauthorized use of the AP SEAL on or in connection with the Products was done with notice and full knowledge that such use was not authorized or licensed by ACMI or its authorized agents and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the AP SEAL.

26.     Defendant's actions constitute willful counterfeiting of Plaintiff's Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

27.     As a direct and proximate result of Defendant's illegal actions alleged herein, Defendant has caused substantial monetary loss and irreparable injury and damage to Plaintiff, its business, reputation and valuable rights in and to Plaintiff's Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial,

28.     Based on Defendant's actions as alleged herein, Plaintiff is entitled to permanent injunctive relief and damages for the harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorney's fees and costs.

## COUNT II
### Direct Infringement of Registered Trademarks
### 115 U.S.C. § 1114/Lanham Act § 32(a)

29.   Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30.   Plaintiff has continuously used the AP SEAL in interstate commerce since at least as early as the dates of first use reflected in the entry on the principal register of the U.S. Patent and Trademark Office.  See Exhibit A.

31.   Plaintiff, as the owner of all right, title and interest in and to Plaintiff's Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

32.   Defendant was, at the time it engaged in the infringing actions alleged herein, aware that Plaintiff is the owner of the federal trademark registrations and/or applications for Plaintiff's Marks.

33.   Defendant failed to maintain its ACMI certification and to continue to license the Plaintiff's registered trademark AP SEAL, and to deal in and commercially import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell the Products using the AP SEAL.

34.   Defendant knowingly and intentionally imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold the Products improperly bearing and/or utilizing the AP SEAL.

35.   Defendant knowingly and intentionally reproduced, copied, and colorably imitated the AP SEAL and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon,

or in connection with, the importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of the Products.

36.    Defendant was, at the time it engaged in the illegal and infringing actions alleged herein, aware that Plaintiff is the owner of all rights in and to the AP SEAL.

37.    Defendant was, at the time it engaged in the illegal and infringing actions alleged herein, aware that the AP SEAL indicates that a product has been certified as non-toxic and conforming with ASTM D4236.

38.    Defendant's egregious and intentional use of the AP SEAL in commerce on or in connection with the Products has caused, and is likely to continue to cause, actual confusion, to cause mistake and is likely to deceive the public into believing that the Products are associated with, or authorized by, Plaintiff to carry the AP SEAL.

39.    Defendant's infringing actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the AP SEAL, as well as with bad faith and the intent to cause confusion, mistake and deception.

40.    Defendant's continued, knowing and intentional use of the AP SEAL without Plaintiff's consent or authorization, constitutes intentional infringement of the federally registered AP SEAL Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

41.    As a direct and proximate result of Defendant' illegal and infringing actions alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and valuable rights in and to the AP SEAL Mark, and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial.  Defendant will continue to cause such substantial loss and damage to Plaintiff and its AP SEAL.

42.     Based on Defendant's infringing actions alleged herein, Plaintiff is entitled to permanent injunctive relief and damages for the harm that Plaintiff has sustained, and will sustain, as a result of Defendant's unlawful and infringing actions alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorney's fees and costs.

## COUNT III
### False Designation of Origin, Passing Off & Unfair Competition
### 15 U.S.C. § 1125(a)/Lanham Act § 43(a)

43.     Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44.     Plaintiff, as the exclusive owner of all right, title and interest in and to the AP SEAL, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

45.     The AP SEAL is inherently distinctive and/or has acquired distinctiveness.

46.     Defendant knowingly and willfully used in commerce products and/or packaging designs that include the AP SEAL, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of the Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that the Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and certified to carry the AP SEAL, thereby allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, the AP SEAL, to Defendant's substantial profit in blatant disregard of Plaintiff's rights.

47.     By importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products using the AP SEAL, Defendant has traded off the extensive goodwill of Plaintiff, and did in fact induce, and will continue to induce, customers to purchase the Products, thereby directly and unfairly competing with products that have in fact been certified by Plaintiff to bear the AP SEAL.  Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff and the AP SEAL, which Plaintiff has amassed through their nationwide marketing, advertising, members' sales and consumer recognition.

48.     Defendant knew, or by the exercise of reasonable care, should have known, that its adoption and commencement of, and continuing use in commerce, the AP SEAL would cause confusion, mistake, or deception among purchasers, users and the public.

49.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public, and with the intent to trade on the goodwill and reputation of Plaintiff and the AP SEAL.

50.     As a direct and proximate result of Defendant's aforementioned actions, Defendant has caused injury to Plaintiff by depriving Plaintiff of the value of the AP SEAL as a commercial asset in an amount as yet unknown, but to be determined at trial.

51.     Based on Defendant's wrongful conduct, Plaintiff is entitled to monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendant's actions alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

<u>**COUNT IV**</u>
**Violation of M.G.L. Ch. 93A**

52.     Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53.     According to the Massachusetts Consumer Protection Act, M.G.L. c. 93A, a party violates the Massachusetts Consumer Protection Act if he or she engages in an unfair or deceptive act or practice in commerce.

54.     An act occurs in commerce if it takes place in the context of an ongoing business in which the defendant holds himself out to the public.

55.     An act is unfair or deceptive where there is a representation, practice, or omission by the defendant that was likely to mislead consumers.

56.     Therefore, because the Defendant engaged in unfair and deceptive acts and practices as outlined in the facts above, the Defendant is liable to Plaintiff for damages resulting from those unfair and deceptive acts and practices.

57.     More particularly, and as described more fully above, the Defendant violated the Massachusetts Consumer Protection Act through Defendant's unlawful, unauthorized, and unlicensed use of the AP SEAL on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Defendant's products.

58.     Defendant's conduct was, and is, a willful and deliberate attempt to mislead consumers, and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce. Such conduct has deceived and materially misled, or has a tendency to

deceive and materially mislead the consuming public, and has injured, and will continue to

injure, Plaintiff's business, reputation and goodwill in violation of M.G.L. c. 93A, §§2 and 11.

59.     Defendant knew, or by the exercise of reasonable care should have known, that

its advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

otherwise dealing in its products using the AP SEAL, would cause mistake or deceive

purchasers, users and the public.

60.     Defendant's use of the AP SEAL falsely indicates to consumers that the Products

have been reviewed by ACMI's toxicological team and have been determined to be not toxic as

defined by applicable laws and regulations.

61.     As a direct and proximate result of these knowing, willful and intentional

violations of the Massachusetts Consumer Protection Act by the Defendant, Plaintiff has

suffered damages in an amount to be determined at trial.  Further, because the Defendant's

actions were knowing, willful and intentional, the Court should increase the amount up to treble

the amount found by the factfinder and this Court should also order that the Defendant pay all

Plaintiff's attorneys' fees and costs required to bring this action.

## COUNT V
## BREACH OF CONTRACT

62.     Plaintiff restates and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

63.     Plaintiff and Defendant entered into a valid and enforceable contract on March

31, 1993.

64.     Plaintiff performed has fulfilled all its obligations under the Agreement.

65.     Defendant failed to perform under the Agreement by failing to have its products re-assessed and approved by ACMI's toxicology team every five (5) years, and resulting in the de-certification of the products but continued use of the AP SEAL.

66.     By failing to failing to perform its obligations under the Agreement, Defendant is in breach of contract.

67.     As a direct and proximate result of these breaches, Plaintiff suffered damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE Plaintiff prays:

1.     That this Court enter judgment for Plaintiff on each of its claims for relief in the Complaint;

2.     That this Court permanently enjoin and restrain Defendant from infringing the trademark AP SEAL and in particular, from advertising, offering for sale, selling, using or causing to be used the trademark AP SEAL or any colorable imitations or variations thereof in connection with their business;

3.     That this Court order that all letterhead, labels, signs, prints, packages, wrappers, receptacles, advertising, catalogs, promotional materials, name plates and products in the possession of Defendant, and all plates, molds, matrices, dies and other means of making the same which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct;

4     That this Court order Defendant to pay Plaintiff all consequential damages caused by Defendant's actions described above;

5.      That Defendant be required to pay Plaintiff three (3) times the amount of such damages as Plaintiff has sustained as a consequence of Defendant' willful infringement of Plaintiff's marks, including willful counterfeiting of Plaintiff's AP SEAL mark, in accordance with 15 U.S.C. § 1114 (Lanham Act § 32), § 1117 (Lanham Act § 35), and § 1125 (Lanham Act § 43), and as a consequence of Defendant's willful violation of Chapter 93A of the General Laws of Massachusetts.

6.      In the alternative to Defendant's profits and Plaintiff's actual damages, that the Defendant be required to pay enhanced discretionary damages and treble damages for the willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services and/or for the willful encouragement, enabling, facilitation, participation in and/or material contribution to such use, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which Plaintiff may elect prior to the rendering of final judgment;

7.      That the Defendant be permanently enjoined by this Court from:

a.      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products using the AP SEAL;

b.      directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation the AP SEAL;

c.      directly or indirectly using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks or other rights (whether now in existence or

hereafter created) including, without limitation the AP SEAL to identify any goods or services not authorized by Plaintiff;

d.      directly or indirectly using any of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation the AP SEAL, or any other certifications or marks that are confusingly or substantially similar to the AP SEAL on or in connection with Defendant' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products.

e.      directly or indirectly using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with Plaintiff, and/or as to the certification, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and Defendant's commercial activities by Plaintiff;

f.      directly or indirectly engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any of the Products using the AP SEAL without proper authorization and/or certification;

g.      directly or indirectly engaging in any other act in derogation of Plaintiffs' rights;

h.      effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

i.      instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above; and

8.      That the Defendant be ordered to destroy any and all Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in Defendant's possession, custody or control that bear any label or artwork containing or resembling the AP SEAL that is confusingly or substantially similar to Plaintiff's AP SEAL pursuant to 15 U.S.C. § 1118;

9.      That the Defendant be ordered to provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Products as described herein;

10.     That Defendant be required to account for and pay to Plaintiff three (3) times the amount of Defendant' profits derived by reason of its willful counterfeiting under 15 U.S.C. § 1117 (Lanham Act § 35);

11.     That this Court award Plaintiff its costs in this action together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 (Lanham Act § 35) and Chapter 93A of the General Laws of Massachusetts; and

12.     That this Court grant Plaintiff such other relief as it deems just and equitable.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  March 4, 2020

Respectfully submitted,

THE ART AND CREATIVE MATERIALS
INSTITUTE, INC.

By its attorneys,

 _/s/ Edward V. Colbert III_____
Edward V. Colbert III BBO # 566187
David Koha, BBO # 679689
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
Colbert@casneredwards.com
Koha@casneredwards.com

57207.7/792490.1